UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ERCHONIA CORPORATION LLC, a Texas limited liability company, | CASE NO. : |
| Plaintiff, | |
| v. | |
| SKINNY ME AMERICA, LLC, a Florida limited liability company, | JURY TRIAL DEMANDED |
| Defendant. | |
| _____/ | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Erchonia Corporation, LLC ("Erchonia"), for its Complaint against Skinny Me America, LLC ("Skinny Me America" or "Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent Nos. 9,149,650 (the " '650 Patent) and 7,947,067 (the " '067 Patent") (collectively, the "Patents-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq*.

1

## THE PARTIES

2. Erchonia is a Texas limited liability company with a principal place of business at 112 Southchase Boulevard, Fountain Inn, SC 29644.

3. On information and belief, Skinny Me America is a Florida limited liability company with a principal place of business at 5331 Primrose Lake Circle, Tampa, FL 33647.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has a principal place of business in this District, conducts business in this District, has purposefully availed itself of the opportunity to conduct commercial activities in this District, and has committed acts of patent infringement within this District as alleged herein.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) as, upon information and belief, Defendant resides in this District, committed acts of infringement in this District, and maintains a regular and established place of business in this District.

## THE PATENTS-IN-SUIT

7. On October 6, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '650 Patent, entitled "Non-Invasive Method for Slimming a Human Body Using Laser Energy of Wavelengths Shorter Than 632 nm". The named inventors are Steven C. Shanks and Kevin B. Tucek, and the patent is assigned to Erchonia. A copy of the '650 Patent is attached hereto as **Exhibit A**.

8. Erchonia is the exclusive owner of all rights, title, and interest in and to the '650 Patent, and has the exclusive right to practice the inventions claimed in the '650 Patent throughout the United States.

9. On May 24, 2011, the USPTO duly and legally issued the '067 Patent, entitled "Scanning Treatment Laser With Sweep Beam Spot and Universal Carriage". The named inventors are Kevin Tucek, Steven C. Shanks and Lawrence Owens, and the patent is assigned to Erchonia. A copy of the '067 Patent is attached hereto as **Exhibit B**.

10. Erchonia is the exclusive owner of all rights, title, and interest in and to the '067 Patent, and has the exclusive right to make, use, sell, and offer to sell, any product embodying the invention disclosed in the '067 throughout the United States, and to import any product embodying the invention disclosed in the '067 into the United States.

## BACKGROUND

11. Founded in 1996, Erchonia is a world leader in medical-grade laser therapy technology for physicians, chiropractors, physical therapists, podiatrists, osteopaths, aesthetic clinics, and many other types of medical / health professionals.

12. Erchonia's range of non-thermal, low-level-energy therapy (LLLT) devices are used in many areas, including pain relief, fat removal, cellulite reduction, fungal nail treatment and more.

13. Erchonia owns 21 FDA-clearances for low-level-laser applications in the medical field and the efficacy of its devices has been proven by multiple (level 1) double blind, randomized, placebo-controlled, and multi-site clinical studies.

14. Erchonia's Emerald laser is an FDA Market-Cleared full body fat loss treatment device that allows clients to target areas of stubborn fat. It treats overall body circumference and is the only device FDA cleared to treat those with a BMI up to 40.

15. Upon information and belief, Defendant is a weight loss clinic focused on helping people achieve their weight loss goals through customized programs and support.

16. On July 21, 2023, Defendant's principal, Ruben Rothschild, contacted Erchonia inquiring about its patented Emerald laser. In response thereto, Erchonia provided Defendant with detailed information about the Emerald laser, including research articles, comparisons, pricing, applications, results, etc.

17. On August 8, 2023, Mr. Rothschild visited Erchonia's manufacturing facility in Melbourne, FL to learn more about the Emerald laser. During this meeting, Defendant was presented with further information about Erchonia's patented products and processes.

18. Upon information and belief, less than six weeks later, Defendant imported a Chinese knockoff of Erchonia's patented Emerald laser, promoting its use at Defendant's Tampa Palms location as Skinny Me America Green Laser.



19. Adding insult to injury, Defendant also copied marketing copy created for Erchonia's Emerald laser, merely substituting the name "Skinny Me America Green Laser" for "Emerald Green Laser." Cf. https://ivoryaesthetics.com/service/emerald-green-laser/



## COUNT I – PATENT INFRINGEMENT OF THE '650 PATENT

20. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

21. Erchonia is the exclusive owner of all rights, title, and interest in and to the '650 Patent, and has the exclusive right to practice the inventions claimed in the '650 Patent throughout the United States.

6

22. The '650 Patent is an invention of a non-invasive method for slimming a human body using laser energy of wavelengths shorter than 632 nm.

23. Upon information and belief, Defendant has been and is now directly infringing and, unless enjoined, will continue to infringe, one or more claims of the '650 Patent, including Claims 1-3, in this District, and elsewhere in the United States, through use of its "Skinny Me America Green Laser" system, aka LuxMaster Slim, as a non-invasive means for fat loss.

24. Claims 1 through 3 of the '650 provide as follows:

> 1. A method of slimming a patient, the method comprising applying monochromatic laser energy having a wavelength shorter than 570 nm externally to the patient at a targeted area in a dose rate that causes no detectable temperature rise of the treated tissue.
>
> 2. The method according to claim 1 wherein the laser energy is monochromatic green.
>
> 3. The method according to claim 1 wherein the laser energy is 532 nm.

25. Upon information and belief, when placed into operation by Defendant, its Skinny Me America Green Laser infringes Claim 1 of the '650 Patent as set forth below.

26. Upon information and belief, Defendant's Skinny Me America Green Laser sessions:

a. are a non-invasive procedure to lose weight and reduce body fat;





b. apply monochromatic laser energy having a wavelength shorter than 570 nm;



c. apply monochromatic laser energy externally to the patient at a targeted area; and



d. apply monochromatic laser energy at a dosage rate that causes no detectable temperature rise of the treated tissue;

> This green laser will be helping you with the overall body circumference reduction through a low-level, or cold, output that has no thermal effect on the body's tissue (you can't even feel it). FDA-approved for both efficacy and safety, the non-invasive Skinny Me America laser system helps the body absorb and process cellulite by stimulating biological function.
>
> Using the laser, you will feel no heat or any sensation from the laser. There are no side effects, no pain or discomfort, and there is no downtime. Skinny Me America laser system is completely non-invasive.

27. Upon information and belief, when placed into operation by Defendant, its Skinny Me America Green Laser infringes Claim 2 of the '650 Patent as its sessions utilize laser energy which is monochromatic green. See images for ¶ 26 (a) and (c) above.

28. Upon information and belief, when placed into operation by Defendant, its Skinny Me America Green Laser infringes Claim 3 of the '650 Patent as its sessions utilize laser energy which has a wavelength of 532 nm. See image for ¶ 26 (b) above.

29. Defendant's infringement of the '650 Patent has caused and will continue to cause Erchonia damages and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to damages adequate to compensate it for the infringement.

30. Defendant's infringement has been and is willful and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to treble damages. Defendant's willful infringement is based at least on Defendant's knowledge of Erchonia, its products, and its

patents. Defendant's conduct is especially egregious in light of its visit to Erchonia's manufacturing facility to learn about its patented products and methods less than two months before engaging in the infringing conduct, as well as, upon information and belief, its continuing infringement despite knowledge of the infringement.

31. Defendant's infringement of the '650 Patent has caused and will continue to cause Erchonia immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Erchonia has no adequate remedy at law.

32. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Erchonia is entitled to an award of attorneys' fees.

## COUNT II – PATENT INFRINGEMENT OF THE '067 PATENT

33. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

34. Erchonia is the exclusive owner of all rights, title, and interest in and to the '067 Patent, and has the exclusive right to make, use, sell, and offer to sell any product embodying the '067 Patent throughout the United States, and to import any product embodying the '067 Patent into the United States.

35. The '067 Patent is an invention for a scanning treatment laser with a sweep bean spot and universal carriage.

36. Upon information and belief, Defendant has been and is now directly infringing and, unless enjoined, will continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '067 Patent, including Claim 1, in this District, and elsewhere in the United States, through the use of its Skinny Me America Green Laser within the United States, and importation of its Skinny Me America Green Laser into the United States.

37. Claim 1 of the '067 provides as follows:

> 1. A laser comprising:
>    a. at least one laser energy source for generating a laser beam; and
>    b. a scanning head further comprising:
>       i. a hollow spindle substantially coaxial with the laser beam and through which the laser beam is conveyed;
>       ii. a refractive optical element through which the laser beam is conveyed to produce a linear first beam spot whose centerpoint is along the axis of the hollow spindle;
>       iii. a rotatable carriage housing the optical element and through which the laser beam is conveyed and which, when rotated, creates an apparent solid circular second

    beam spot whose center is along the axis of the hollow spindle; and

  iv. means for continuously rotating the carriage through 360 degrees.

38. Upon information and belief, Defendant's Skinny Me America Green Laser infringes Claim 1 of the '067 Patent as set forth below.

39. Upon information and belief, Defendant's Skinny Me America Green Laser comprises:

 a. at least one laser energy source for generating a laser beam;



 b. a scanning head with a hollow spindle substantially coaxial with the laser beam and through which the laser beam is conveyed;





      i. alternatively, the above referenced arrangement of the motor, carriage, laser diode, and optical element does substantially the same function, in substantially the same way, and achieves substantially the same results as a hollow spindle substantially coaxial with the laser beam and through which the laser beam is conveyed;

  c. a refractive optical element through which the laser beam is conveyed (see second image for ¶ 39 (b) above);

  d. to produce a linear first beam spot whose centerpoint is along the axis of the hollow spindle (see first image for ¶ 39 (b));

  e. a rotatable carriage housing the optical element and through which the laser beam is conveyed (see second image for ¶ 39 (b) above);

  f. and which, when rotated, creates an apparent solid circular second beam spot whose center is along the axis of the hollow spindle (see first image for ¶ 39 (b)); and

  g. means for continuously rotating the carriage through 360 degrees (see both images for ¶ 39 (b) above).

40. Defendant's infringement of the '067 Patent has caused and will continue to cause Erchonia damages and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to damages adequate to compensate it for the infringement.

41. Defendant's infringement has been and is willful and, pursuant to 35 U.S.C. § 284, Erchonia is entitled to treble damages. Defendant's willful infringement is based at least on Defendant's knowledge of Erchonia, its products, and its patents. Defendant's conduct is especially egregious in light of its visit to Erchonia's manufacturing facility to learn about its patented products and methods less than two months before engaging in the infringing conduct, as well as, upon information and belief, its continuing infringement despite knowledge of the infringement.

42. Defendant's infringement of the '067 Patent has caused and will continue to cause Erchonia immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  Erchonia has no adequate remedy at law.

43. This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Erchonia is entitled to an award of attorneys' fees.

## JURY DEMAND

44. Erchonia demands a jury trial on all issues triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Erchonia respectfully requests the following relief;

    a. Judgment that Defendant has infringed the '650 and '067 Patents;

b. Permanent injunctive relief preventing Defendant and its officers, agents, servants and employees, and all those acting in concert or participation therewith, from further acts of infringement;

c. An award of damages adequate to compensate Erchonia for the infringement of its '650 and '067 Patents, pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

d. An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through final judgment;

e. An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

f. An award of attorneys' fees based on this being an exception case pursuant to 35 U.S.C. § 285, including pre-judgment interest on such fees;

g. Costs and expenses in this action; and

h. Such other and further relief this Court deems just and proper.

Respectfully submitted this 16th day of April 2024.

        */s/ Scott W. Dangler*
        Scott W. Dangler, Esq.
        Fla. Bar No. 0429007
        Law Office of Scott W. Dangler, P.A.
        927 E. New Haven Ave., Ste 213
        Melbourne, FL 32901
        Tel: (321) 265-4170

Fax: (321) 265-4167
scott@danglerlaw.com

*Counsel for Plaintiff*